### In the Matter of the Petition of Joseph R. PORRAZZO, Jr., Petitioner.

### No. CV–N–88–330–ECR.

United States District Court,
D. Nevada.

June 19, 1991.

---

Donald K. Coppa, Reno, Nev., for petitioner.

Shirley Smith, Asst. U.S. Atty., Reno, Nev., for respondent.

## ORDER

EDWARD C. REED, Jr., District Judge.

Petitioner Joseph R. Porrazzo, Jr. ("petitioner") plead guilty to 18 U.S.C. § 922(a)(1), dealing in firearms without a license. As a result, under 18 U.S.C. § 922(g)(1), petitioner was forbidden from possessing firearms. Petitioner filed an application under 18 U.S.C. § 925(c), seeking reinstatement of the privilege to possess firearms. Section 925(c) provides in relevant part:

A person who is prohibited from possessing ... firearms ... may make application to the Secretary for relief from the disabilities imposed by Federal laws with respect to the ... possession of firearms, and the Secretary may grant such relief if it is established ... that the circumstances regarding the disability, and the applicant's record and reputation, are such that the applicant will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest. Any person whose application for relief from disabilities is denied by the Secretary may file a petition with the United States district court for the district in which he resides for a judicial review of such denial. The court may in its discretion admit additional evidence where failure to do so would result in a miscarriage of justice.

The Secretary of the Treasury referred petitioner's application to the Bureau of Alcohol, Tobacco and Firearms ("ATF"). ATF assigned an investigator to determine whether petitioner should have his firearms privileges reinstated.

Under his investigation, the investigator compiled a report in which he interviewed several of petitioner's neighbors, employers, listed references and others. After receiving the investigator's recommendations, the ATF denied petitioner's application based on the investigator's report.

On June 15, 1988, petitioner filed a petition (document # 1) in this court seeking judicial review of the ATF's action. On June 28, 1988, we assigned the case to the Honorable Phyllis Halsey Atkins, United States Magistrate–Judge, for all further proceedings within her jurisdiction (document # 2).

On September 15, 1988, the government filed a motion (document # 7) for summary judgment. On November 1, 1988, petitioner filed an opposition (document # 9) to the motion for summary judgment. The government filed a reply (document # 10) on December 9, 1989.

On January 5, 1990, Judge Atkins issued an order (document # 17) agreeing to peruse the administrative record to determine whether to take additional evidence under 18 U.S.C. § 925(c). On July 27, 1990, Judge Atkins issued an order (document # 20) ordering that a redacted version of the ATF investigator's report be provided to petitioner. Based on this report, Judge Atkins ordered, and later held, an evidentiary hearing on the petition.

On April 4, 1991, Judge Atkins issued a Report and Recommendation ("R & R") (document # 25) recommending that we deny the government's motion for summary judgment and grant petitioner the relief he seeks under 18 U.S.C. § 925(c). Judge Atkins based her recommendation on the following analysis and findings of fact.

Judge Atkins correctly noted that we may overturn the conclusion of the ATF only if such conclusion was arbitrary and capricious. Judge Atkins ordered an evidentiary hearing based on discrepancies in witness testimony. She found that much of the investigator's report was favorable toward petitioner and uncontradicted. Judge Atkins found that the investigator concluded that petitioner is "an excellent employee and a conscientious hard worker; however the agent recommended denial of the petition based on information he gathered from petitioner's neighbors and the school district employees" (R & R, page 4, lines 7–10). On the record before us, it is evident, as Judge Atkins found, that the only negative information about plaintiff in the report came from some neighbors and the school district employees, and that the decision to deny petitioner's application was based solely on the negative information in the investigator's report.

At the evidentiary hearing, numerous witnesses testified, including the ATF investigator, a private investigator hired by petitioner, and one of the witnesses interviewed by the investigator for the report. Judge Atkins found that evidence contradicting the negative information in the report was presented at the evidentiary hearing. Page 4, line 15 through page 7, line 10 of the R & R describes how the testimony in the investigator's report and the testimony at given at the evidentiary hearing conflict.

■ Judge Atkins, not us, conducted the evidentiary hearing. She observed the demeanor of the witnesses and was in a position to establish the credibility of the witnesses. If Judge Atkins found the testimony at the evidentiary hearing more credible than the testimony from the report, the ATF's decision to deny petitioner the relief he requests was arbitrary and capricious. At page 9, lines 16–18 of her R & R, Judge Atkins found that the evidence relied upon by the Director of the ATF was unreliable. This finding is tantamount to determining that the evidence at the evidentiary hearing presented by petitioner was more credible than that presented in the investigator's report. As this finding was one of credibility, we must accept it. Consequently, ample evidence exists that petitioner will not be likely to act in a manner dangerous to public safety and that the granting of the relief will not be contrary to the public interest.

While petitioner has not filed a cross motion for summary judgment, we may nonetheless grant him the relief he seeks since whether he is entitled to relief is a determination for the court. Since Judge Atkins has held an evidentiary hearing and made factual findings, our only task is to apply the law to the facts. We conclude that the ATF's conclusion was arbitrary and capricious and that petitioner is entitled to the relief he seeks under 18 U.S.C. § 925(c).

■ Petitioner, however, is not entitled to fees and costs under 18 U.S.C. § 924(d)(2)(A) because this is not an action for the return of firearms. Nor is he entitled to costs and fees under 18 U.S.C. § 924(d)(2)(B) because the government did not defend the action vexatiously, frivo-

lously or in bad faith, nor was the defense without foundation.

IT IS, THEREFORE, HEREBY OR-DERED that the Magistrate–Judge's Report and Recommendation (document # 25) is adopted. The government's motion (document # 7) for summary judgment is DE-NIED. Petitioner's petition (document # 1) is GRANTED. Petitioner's request for fees and costs is DENIED.

IT IS FURTHER ORDERED that the clerk shall enter judgment accordingly.